UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT I. TOUSSIE, LAURA TOUSSIE
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY, INC.,
ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND
ACQUISITION & SALES CORP., and TOUSSIE
DEVELOPMENT CORP.,

                Plaintiffs,

     -against-

COUNTY OF SUFFOLK, PAUL SABATINO, II,
PATRICIA B. SIELINSKI, and THOMAS A. ISLES,

                Defendants.
---------------------------------------------------------------X

**ORDER**
CV 01-6716 (JS)(ARL)
CV 05-1814 (JS)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court are three letter applications from the parties, namely, (1) the plaintiffs' letter application dated October 31, 2006, seeking sanctions in the form of a default judgment or the granting of an adverse inference and costs; (2) the defendants' cross motion for sanctions; (3) the plaintiffs' letter application dated November 10, 2003, seeking to quash subpoenas served on non-parties, the Bank of Smithtown and Safra National Bank; and (4) the defendants' letter application dated November 16, 2006, seeking to compel the plaintiffs to provide certain discovery and staying the prosecution of the case until they do so. The first three motions enumerated above were addressed and ruled upon at the conference held on November 21, 2006. This order sets forth a summary of those rulings, which granted, in part, the plaintiffs' motion for sanctions, denied the defendants' cross motion for sanctions and granted in part the plaintiffs' motion to quash. In addition, the defendants' motion to stay the action is denied.

      With respect to the plaintiffs' motion for sanctions, the defendants are directed to prepare a search plan including an estimate of the cost, manpower and time needed to conduct a search of

the servers for the Real Estate and Planning Departments, the County Executive, the Legislature and the County Attorney's Office for all e-mail correspondence responsive to the following search terms: Toussie; Chandler; Prand; Arnstein; Millitello; auction; "Rod Staten"; "Maxine Wilson"; "Elsie Owens"; "Gordon Heights"; "Peerless Abstract"; Milberg; Millberg; HUD; Stolworthy; "Jennifer Lake"; Covington; "William Phillips"; "Matthew Fishbein"; "Matt Fishbein"; "Richard Hamburger"; McElligot; Tatum; Kaiser; "Paul Young"; "Robert Barrevecchio"; "1983"; "New Millenium" "Rick Brand"; "Carrie Mason Draffen"; "Emy Endo"; "Sandra Pettie"; "Christian Murray"; and "Randy Cox". The time frame to be used for the search is May 12, 2001 to January 1, 2006. Said plan to be provided to the court by November 29th.

In addition, the defendants shall provide the plaintiffs with copies of all documents which were compiled and produced by the county in response to the FOIL request and five law enforcement subpoenas served upon it as previously identified in plaintiff's motion of August 15, 2006. With the exception of the production of documents responsive to the District Attorney's subpoena, which is discussed below, the production must be completed by December 1, 2006. Although this court on September 5th ordered this very same production, the county did not comply with the court's clear direction requiring plaintiff's to again move to compel this production. Accordingly, the plaintiffs' motion for sanctions is granted to the extent that the defendants shall reimburse the plaintiffs the costs of seeking to compel this production since the court's order of September 5th. The plaintiffs' shall submit an affidavit to the court setting forth those costs by December 11, 2006.

The defendants are further directed to immediately contact the District Attorney's Office in order to identify and produce any documents produced by the county in response to the subpoena served on it by the District Attorneys' Office as referenced above. This response shall

2

immediately be provided to the plaintiffs. As this court finds that the county has not been diligent in complying with this court's order of September 5th and has failed to take steps necessary to identify any documents which may have been produced to the District Attorneys' Office, the county will be sanctioned $300 per day for every day after November 27, 2006 that the county fails to respond to this request.

With respect to the plaintiffs' motion to quash the bank subpoenas, the defendants are entitled to obtain documents from Safra National Bank to the extent those documents relate to the plaintiff Robert Toussie's line of credit that has been identified as part of his claim for damages. The defendants may also take the deposition of representative of Safra to address any discussion concerning the line of credit. The balance of the subpoena served on Safra National Bank and the subpoena served on the Bank of Smithtown are quashed.

Finally, the defendants have withdrawn their motion to compel with respect to their request for Robert Toussie's tax returns in light of plaintiff's acknowledgment that they will not seek damages beyond what was outlined in their correspondence of May 12, 2006 and August 15, 2006.

Dated: Central Islip, New York
       November 27, 2006

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge