UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT I. TOUSSIE and
CHANDLER PROPERTY, INC.,

                                                                                                  CV-01-6716 (JS)(ARL)

                                Plaintiffs,

        -against-

COUNTY OF SUFFOLK, ROBERT J. GAFFNEY,
individually and his official capacity as Suffolk
County Executive, ALLEN GRECCO, and
PEERLESS ABSTRACT CORP.,

                                Defendants.
-----------------------------------------------------------------x
ROBERT I. TOUSSIE, LAURA TOUSSIE,
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY, INC.,   CV-05-1814 (JS)(ARL)
ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND
ACQUISITION & SALES CORP., and TOUSSIE
DEVELOPMENT CORP.,

                                Plaintiffs,

        -against-

COUNTY OF SUFFOLK, PAUL SABATINO, II,
PATRICIA B. SIELINSKI, and THOMAS A. ISLES,

                                Defendants.
-----------------------------------------------------------------x

<u>**DECLARATION IN OPPOSITION TO PLAINTIFFS' AFFIRMATION
REGARDING COSTS AND FEES**</u>

      CHRIS P. TERMINI, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

      1.     I am an Assistant County Attorney associated with the office of Christine Malafi, County Attorney and attorney of record for the County Defendants except

1

Defendant Sabatino ("County"). I am duly admitted to practice before this Court. I am fully familiar with the facts set forth herein.

2. I submit this declaration in opposition to the affirmation of Scott Balber dated January 28, 2011, which purports to comply with this Court's January 18, 2011 Order directing Plaintiffs to revise their fee calculation that was submitted on January 22, 2008 so that (i) the period for fees being sought ends "with the plaintiffs' preparation of the January 4, 2007 application" and (ii) "reflects the current hourly rates for attorneys in the Eastern District with similar experience to the attorneys and technical assistants that worked on this matter."

3. Notwithstanding the Court's clear directive, Plaintiffs have failed to revise their rates to reflect "the current hourly rates for attorneys in the Eastern District" and instead submit that "Chadbourne's hourly rates are commensurate with reasonable hourly rates by lawyers in both the Southern District and Eastern District," and that the current hourly rate (i) "for a partner at Chadbourne with the same level of experience" as Mr. Balber is $735 per hour, (ii) "for a partner at Chadbourne with the same level of experience" as Abbe Lowell is $855 per hour, (iii) "for a sixth year associate at Chadbourne, i.e., an associate with the same level of experience" as Nicole Hunn is $595 per hour, (iv) "for a first and second year associate at Chadbourne, i.e. the same level of experience that Carson Pulley had from November 1, 2006 to December 31, 2007 and from January 1, 2007 to January 4, 2007, are $375 and $425 per hour, respectively" and (v) for Lorie Maloney, a non-attorney technology consultant, is $320 per hour. For the reasons that follow, the rates submitted by Plaintiffs are excessive for the Eastern District and should be revised accordingly. The level of experience of each of these individuals is

2

summarized below and is derived from the biographical information provided with Plaintiffs' January 22, 2008 submission.

4. This Court recently decided what constituted the "reasonable current hourly rate" in the Eastern District in *Lochren v. County of Suffolk*, CV 01-3925 (ARL) (March 23, 2010 Order):

> in determining the "reasonable current hourly rate," the court has gleaned guidance from recent post-*Simmons* cases where, as here, the parties were unable to establish an exception to the forum rule. Decisions in those cases have upheld fees reaching $400 in the Eastern District. *See Valenti v. Massapequa Union Free School Dist.,* 2010 U.S. Dist. LEXIS 10076 * 7 (E.D.N.Y. Feb. 5, 2010)(awarding partner with 25 years experience $400, partner with 14 years $375, associates with six or seven years $200 - $250, associate with five years $175, and paralegals $75), *Luca v. County of Nassau,* 2010 U.S. Dist LEXIS 5867 (E.D.N.Y. Jan. 25, 2010)(awarding attorney with 25 years of experience $400, appellate counsel with 20 years of experience $350 and senior associate $235 in civil rights case); *Gutman v. Klein,* 2009 WL 3296072 (Oct. 13, 2009)(awarding partners $300 to $400; senior associates $200 to $350, $100 to $200 for junior associates); *Rodriguez v. Pressler & Pressler, LLP,* 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 12, 2009); *Green v. City of New York,* 2009 U.S. Dist. LEXIS 123276 (Dec. 8, 2009), adopted 2010 U.S. Dist. LEXIS 2946 (E.D.N.Y. Jan. 7, 2010)(reviewing recommended award of $350 for partners with between seventeen and nineteen years of experience, $375 for partner with 41 years of experience, $200 for associates with five to six years of experience, and $150 for associate with 3 years of experience); *Kaufman v. Maxim Healthcare Services, Inc.,* 2008 U.S. Dist. LEXIS 77855 *19, 30 (E.D.N.Y. Sep. 9, 2008)(awarding $400 to attorney with offices located in Southern District with formidable experience and reputation). The court also relies on 'its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community."[3] *Nike, Inc. v. Top Brand Co.,* 2006 U.S. Dist. LEXIS 8381 *4-5 (S.D.N.Y. Feb. 24, 2006).

---

[fn 3] In this regard, the court's analysis would be incomplete if it failed to note the recent downturn in the legal market.

5. Guided by the Court's reasoned analysis in *Lochren*, the County respectfully submits that Plaintiffs' fees be revised as follows:

| Attorney | Experience Level In Relevant Period | Reasonable E.D.N.Y. Hourly Rate |
|---|---|---|
| Scott Balber | 12 years | $375 |
| Abbe Lowell | 28 years | $450 |
| Nicole Hunn | 9 years | $350 |
| Carson Pulley | 1-2 years | $300 |
| Lori Maloney | Non-attorney Consultant | $75 |

6. In further accord with the Court's decision in *Lochren*, Plaintiffs are only entitled to reimbursement for their travel time at fifty percent (50%) of the reasonable Eastern District rates. Mr. Lowell's time accounting indicates 6.4 hours for travel to and attendance of the November 21, 2006 hearing (which was held from 10:38 a.m. to 12:14 p.m. and lasted 1 hour and 36 minutes) and 5.2 hours for travel to and attendance of the December 4, 2006 hearing (which was held from 10:43 a.m. to 11:44 a.m. and lasted 1 hour). Mr. Balber's time accounting indicates 5.8 hours for travel to and attendance of the November 21 hearing. The County respectfully submits that the time associated with Mr. Lowell's travel to and from Washington D.C. and Mr. Balber's travel to and from Manhattan should be adjusted accordingly and the final computation is as follows:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Scott Balber | $375 | 5.8 | $ 2175.00 |
| | $187.50 | 4.3 travel | $  806.25 |
| Abbe Lowell | $450 | 27.55 | $12,397.50 |
| | $225 | 9.1 travel | $ 2047.50 |
| Nicole Hunn | $350 | 2.6 | $  910.00 |
| Carson Pulley | $300 | 6.3 | $ 1890.00 |
| Lori Maloney | $75 | 9.6 | $  720.00 |
| | | Total Fees: | $20,946.25 |
| | | Transcripts: | $  739.35 |
| | | TOTAL: | $21,685.60 |

4

7. With the limited exception for the $739.35 in costs associated with the transcripts of court hearings, the County objects to the reimbursement of costs claimed by Plaintiffs to the extent they have failed to provide detail and documentation in support thereof. See *Arnold v. Storz, supra* (denying request for costs for failure to submit any documentation in support). Mr. Balber's estimate "that Plaintiffs incurred approximately $1000.00 in related document reproduction, copying, supplies, and other miscellaneous costs" is unsupported and deficient for purposes of recovering such costs.

8. The County therefore respectfully requests an Order reducing the amount of fees and costs sought by Plaintiffs in accordance with the foregoing for a final award in the amount of $21,685.60.

Dated: Hauppauge, New York
February 4, 2011

Respectfully submitted,

CHRISTINE MALAFI
Suffolk County Attorney

*Chris P. Termini*
Chris P. Termini
Assistant County Attorney
Attorney for Defendant's
H. Lee Dennison Bldg.
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-8312