UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT I. TOUSSIE and CHANDLER PROPERTY,
INC.,

                           Plaintiffs,                         **ORDER**
                                                                           CV 01-6716 (JS)(ARL)
          -against-

COUNTY OF SUFFOLK, ROBERT J. GAFFNEY,
individually and in his official capacity as Suffolk
County Executive, ALLEN GRECCO, and
PEERLESS ABSTRACT CORP.,

                           Defendants.
-------------------------------------------------------------X
ROBERT I. TOUSSIE, LAURA TOUSSIE,
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY, INC.,
ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND
ACQUISITION & SALES CORP., and TOUSSIE
DEVELOPMENT CORP.,

                           Plaintiffs,
          -against-

COUNTY OF SUFFOLK, PAUL SABATINO, II,
PATRICIA B. SIELINSKI, and THOMAS A. ISLES,

                         Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      By order dated December 21, 2007, the court determined that the plaintiffs were entitled to reimbursement for the costs associated with their appearance at hearings dated November 21, 2006 and December 4, 2006, and with their preparation of their January 4, 2007 application in connection with their motion to obtain e-mails from the defendants. The court directed the plaintiffs to submit an affidavit setting forth those costs by January 11, 2008, which they did. The motion was then stayed. After the stay was lifted, the plaintiffs were directed to submit a

revised statement of fees that set forth the correct time period covered by the court's order and reflected the current hourly rates for attorneys in the Eastern District with similar experience. On January 28, 2011, the plaintiffs submitted an affidavit in response to that order. The defendants have submitted a declaration in opposition to the revised affirmation.

The plaintiffs seek to recover $47,640.10 in attorneys' fees and cost incurred from November 1, 2006 to January 4, 2007, in connection with the relevant motion practice. The defendants contend that the rates for reimbursement being demanded are beyond the prevailing current rates awarded in this district, the plaintiffs should only be reimbursed at 50% for travel time, and their documentation is insufficient for the costs being sought. For the reasons set forth below, the court awards the plaintiff $21,385.00 in attorneys' fees and $1,739.35 in costs.

To calculate the presumptively reasonable fee, the court must first determine a reasonable hourly rate for the legal services performed. Reasonable hourly rates in attorneys' fee awards are determined with reference to a number of factors, including but not limited to those factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). Moreover, the "presumptively reasonable fee" standard uses the hourly rates employed in the district in which the reviewing court sits, unless the party seeking fees "persuasively establish[es] that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009) (internal quotation omitted). Finally, the fee application must be determined using *current* rates. The Supreme Court held in *Missouri v. Jenkins,* 491 U.S. 274 (1989), that "[a]n adjustment for delay in payment is . . . an appropriate factor in the determination of what constitutes a reasonable attorney's fee," because "compensation received

2

several years after the services were rendered – as it frequently is in complex civil rights litigation – is not equivalent to the same dollar amount received reasonably promptly as the legal services are preformed." *Id.* at 283-84. Citing to the language above, the Second Circuit held that to "adjust[] for delay," the "rates used by the court should be 'current rather than historic hourly rates.'" *Lochren v. County of Suffolk,* 2009 WL 2778431 (2d Cir. Sept. 3, 2009).

Here, the plaintiffs seek an award based on the following hourly rates: $735 for Scott Balber (17 years of experience), $855 for Abbe Lowell (34 years of experience), $595 for Nicole Hunn (14 years of experience), $375 to $425 for Carson Pulley (6 years of experience), and $320 for litigation support and technical consultants. The defendants correctly note that these rates are not in line with the rates currently being awarded in the Eastern District. *See GMG Transwest Corp v. PDK Labs, Inc.,* 2010 U.S. Dist. LEXIS 108581 (E.D.N.Y. Oct. 12, 2010)(awarding partners $450 and $400 based on number of years of experience); *Lochren v. County of Suffolk,* 2010 U.S. Dist. LEXIS 28288 (E.D.N.Y. Mar. 23, 2010)(awarding partner with 40 years of experience $450, partner with 20 years experience $425); *Luca v. County of Nassau*, No. 04-CV-4898, 2010 U.S. Dist. LEXIS 5867 (E.D.N.Y. Jan. 25, 2010) (awarding partner with 25 years experience $400, and partner with 14 years $375); *Morgenstern v. County of Nassau*, 2009 U.S. Dist. LEXIS 116602 (E.D.N.Y. Dec. 15, 2009) (awarding $ 400 per hour in a § 1983 case). The defendants also correctly note that travel time should be awarded at 50%.

As such, the plaintiffs will be awarded the following for the legal services rendered in connection with the motion:

| **Attorneys** | **Rates** | **Hours** | **Sub-Total** |
|---|---|---|---|
| Scott Balber | $ 400 | 5.8 | $ 2,320.00 |

|  |  |  |  |
|---|---|---|---|
| (Travel) | $ 200 | 4.3 | $   860.00 |
| Abbe Lowell | $ 450 | 27.55 | $12,397.50 |
| (Travel) | $ 225 | 9.1 | $ 2,047.50 |
| Nicole Hunn | $ 350 | 2.6 | $   910.00 |
| Carson Pulley | $ 300 | 6.3 | $ 1,890.00 |
| Technical Consultant | $ 100 | 9.6 | $   960.00 |
| **Total:** |  |  | **$ 21,385.00** |

The plaintiffs also seek costs in the amount of $1,739.35 for the relevant time period. $739.35 are costs for payments made to obtain transcripts from the November 21st and December 4th conference. The plaintiffs are also seeking $1,000, which is an estimate of the costs incurred during the time period for reproduction, copying, supplies, and other costs attributable to the motion.[1] The court finds the estimate to be reasonable. In conclusion, the court awards costs in the amount of $1,739.35.

Accordingly, the plaintiffs are awarded $21,385.00 in attorneys fees and $1,739.35 in costs, for a total award of $23,124.35.

Dated:  Central Islip, New York
        May 30, 2011

SO ORDERED:

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

---

[1] The plaintiffs have annexed their contemporaneous time records reflecting the total costs incurred during the time period on this matter.