```
UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT I. TOUSSIE and
CHANDLER PROPERTY, INC.,

                    Plaintiffs,         MEMORANDUM & ORDER
                                        01-CV-6716(JS)(ARL)
        -against-

COUNTY OF SUFFOLK, ROBERT J. GAFFNEY,
individually, and in his official
capacity as Suffolk County Executive,
ALLEN GRECCO, and PEERLESS ABSTRACT
CORP.,

                    Defendants.
----------------------------------------X
ROBERT I. TOUSSIE, LAURA TOUSSIE,
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY,
INC., ARTHUR A. ARNSTEIN CORP.,
TOUSSIE LAND ACQUISITION & SALES CORP.,
and TOUSSIE DEVELOPMENT CORP.,         05-CV-1814(JS)(ARL)

                    Plaintiffs,

        -against-

COUNTY OF SUFFOLK, PAUL SABATINO, II,
PATRICIA B. SIELINSKI and THOMAS A.
ISLES,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Abbe David Lowell, Esq.
                        Chadbourne & Parke, LLP
                        1200 New Hampshire Avenue NW
                        Washington, DC 20036
```

```
                              Scott S. Balber, Esq.
                              Emily Abrahams, Esq.
                              Jeffrey Carson Pulley, Esq.
                              Chadbourne & Parke LLP
                              30 Rockefeller Plaza
                              New York, NY 10112

For Defendants:
County of Suffolk;            Arlene S. Zwilling, Esq.
Robert J. Gaffney,            John Richard Petrowski, Esq.
Individually and in           Chris P. Termini, Esq.
his official capacity         William G. Holst, Esq.
as Suffolk County             Suffolk County Attorney's Office
Executive; Patricia           H. Lee Dennison Building 5th Fl.
B. Sielinski; and             100 Veterans Memorial Highway
Thomas A. Isles               P.O. Box 6100
                              Hauppauge, NY 11788

Paul Sabatino, II             Anton J. Borovina, Esq.
                              Law Office of Anton J. Borovina
                              510 Broad Hollow Road, Suite 304A
                              Melville, NY 11747
```

SEYBERT, District Judge:

The Court is in receipt of Plaintiffs' July 28, 2011 letter requesting that the Court either (i) deem non-party witness Ginny Fields to have been served; or, in the alternative, (ii) deem it acceptable to serve Ginny Fields by way of leaving the subpoena at her home address.  Plaintiffs attach an affidavit of service detailing no less than twenty-two good faith attempts to effectuate service by personal delivery at her home and place of business.

Courts in the Second Circuit are split regarding whether under Federal Rule of Civil Procedure 45 service of a

subpoena to a non-party must be accomplished by personal service. Compare Agran v. City of N.Y., No. 95-CV-2170, 1997 WL 107452, at *1 (S.D.N.Y. Mar. 11, 1997) (noting that "the weight of authority is that a subpoena duces tecum must be served personally" and "the Court is without authority to sanction an alternative form of service"), and Conanicut Inv. Co. v. Coopers & Lybrand, 126 F.R.D. 461, 462 (E.D.N.Y. 1989) ("Nowhere in Rule 45 is the Court given discretion to permit alternate service in troublesome cases.") with King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("[T]he court sees no reason for requiring in hand delivery so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness."), and Cordius v. Kummerfeld, No. 99-CV-3200, 2000 WL 10268, at *2 ("In accordance with the interpretative principle that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action', Fed. R. Civ. P. 1, and given the textual ambiguity of Rule 45 combined with the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service, plaintiff is permitted to serve Kummerfeld by certified mail."). The Second Circuit has not addressed this issue.

This Court agrees with the district courts holding that effective service under Rule 45 is not limited to personal

service and hereby GRANTS IN PART Plaintiffs' request for alternate service. To effectuate service, Plaintiffs must mail a copy of the subpoena to Ms. Fields at her last known address certified mail, return receipt requested, and leave a copy of the subpoena at her home address. Plaintiffs are ordered to file proof of service promptly after service is effectuated.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: August __2__, 2011
       Central Islip, New York