UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT I. TOUSSIE, and CHANDLER PROPERTY, INC.,<br><br>         Plaintiffs,<br><br>    -against-<br><br>COUNTY OF SUFFOLK,<br><br>         Defendant. | **DEFENDANT'S REQUEST TO CHARGE**<br><br><br><br>01 Civ. 6716 (JS) (ARL) |
| ROBERT I. TOUSSIE, LAURA TOUSSIE, ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE, PRAND CORP. f/k/a CHANDLER PROPERTY, INC., ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND ACQUISITION & SALES CORP., and TOUSSIE DEVELOPMENT CORP.,<br><br>         Plaintiffs,<br><br>    -against-<br><br>COUNTY OF SUFFOLK,<br><br>         Defendant. | 05 Civ. 1814 (JS) (ARL) |

## BILL OF ATTAINDER CLAIMS

   Plaintiffs claim that the County violated the constitutional prohibition against bills of attainder when the Suffolk County Legislature did not approve sales to plaintiffs in 2001 and 2002. The United States Constitution prohibits states from enacting bills of attainder. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial."

1

There are three elements of an unconstitutional bill of attainder:

1. Specification of the affected person;

2. Punishment; and

3. Lack of a judicial trial.

The element at issue in this case is that of legislative "punishment." In determining whether there is a legislative "punishment" the jury must consider three factors:

1. Does the challenged statute fall within the historical meaning of legislative punishment, in other words, the "historic test of punishment";

2. Whether the statute viewed in terms of the type and severity of the burdens imposed, reasonably can be said to further non-punitive legislative purposes. This is known as the "functional test of punishment"; and

3. Whether the legislative record evinces a legislative intent to punishment. This is known as the "motivational test of punishment".

All three factors need not be satisfied individually to establish a bill of attainder violation, but plaintiffs must establish by a fair preponderance of the evidence that when all the factors are weighed together, they have proved a bill of attainder claim. In assessing the individual tests, the jury is to be guided by the following:

The "historic test of punishment" means that the punishment of the challenged statutes is so disproportionately severe and so inappropriate to non-punitive ends that it unquestionably falls within the proscription of a bill of attainder. In other words, the challenged statute is considered to be punitive per se. Examples of punitive per se activity is imprisonment,

banishment, the punitive confiscation of property and the prohibition of designated individuals from participation in their specified employment or vacation.

I instruct you that as a matter of law, the resolutions at issue do not impose any of the burdens required under the historic test of punishment in that the plaintiff was not jailed, was not banished from society, no property was confiscated from him, and he continued to enjoy his profession buying and selling property, among many other business matters to which he attends.

In looking at the second factor, the functional test of punishment, you are to determine whether the challenged law viewed in terms of the type and severity of the burdens imposed, reasonably can be said to further non-punitive legislative purposes. In other words you are to determine whether the Suffolk County Legislature could have achieved its purposes of a legitimate non-punitive objective by adopting a less burdensome alternative.

Defendants assert that the Suffolk County Legislature's non-approval of the bids by plaintiff, due to known facts at the time of their non-approval, served legitimate non-punitive objectives and that there was no available less burdensome alternative to the non-approval of plaintiffs' bids.

The third factor is the motivational test of punishment. This requires that the legislative record by itself must reflect an "overwhelmingly clear legislative intent to punish." Statements made by a smattering of legislators do not constitute the required unmistakable legislative punitive intent. It is sufficient for defendant to show that the Suffolk County Legislature was concerned about the protection of the citizens of Suffolk County against waste, fraud and abuse. Evidence of punitive intent on the part of some members of the Suffolk County Legislature does not establish punitive intent on the part of the entire Suffolk County Legislature.

The burden of proof with respect to the outlined three factors of punishment required for plaintiffs to prove a bill of attainder lies with the plaintiff. Again, the three factors are to be weighed together and the plaintiff must establish by a fair preponderance of the evidence, that after weighing all three factors together, they have established defendant's liability for enacting an unlawful bill of attainder. If plaintiffs have failed to do so, your verdict must be for the County.

## INTIMATE ASSOCIATION CLAIMS

Plaintiffs claim that the County violated their First Amendment right to intimate association with Isaac Toussie when it took adverse action against plaintiffs based upon Isaac's criminal conduct, among other reasons.

The right to intimate association protects the close ties between individuals from inappropriate interference from the state.

In determining whether the County has violated plaintiffs' right to intimate association, plaintiffs must prove by a fair preponderance of the evidence that the County's actions unconstitutionally infringed on their associational freedom. It is for you, the jury, to determine whether the strength of the claimed associational interest in resisting government interference outweighs the government's justification for the interference.

In other words, the County is entitled to show that they acted with a legitimate reason when they took its action with respect to plaintiffs based upon Isaac Toussie's criminal conduct, among other reasons. If the County acted with a legitimate purpose, plaintiffs cannot succeed on their intimate association claims if the County's justification for its actions outweighs any claim of governmental interference with an intimate association. It is for you, the jury, to determine

4

whether the alleged deprivation of plaintiffs' right of intimate association with Isaac is outweighed by the County's reasons for not approving sales to plaintiffs in 2001 and 2002 and prohibiting plaintiffs' involvement in the 2004 auction.

## **DUE PROCESS CLAIMS**

**Procedural Due Process Claim**

The plaintiffs claim that they were denied their right to enter into memoranda of sale at the 2004 auction after being the highest bidder on four (4) parcels of surplus property in violation of their right to due process of law. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that when the government deprives a person of his property, it must afford that individual a fair opportunity to be heard.

In order to prevail on their procedural due process claim, the plaintiffs must establish by a preponderance of the evidence that (1) they were deprived of a property interest and (2) that the County failed to afford them a fair opportunity to be heard.

Plaintiffs claim that they had a property right to enter into memoranda of sale upon being the high bidder on the four (4) parcels at the 2004 auction. The County claims that it had the discretion to refuse to enter into memoranda of sale with plaintiffs and plaintiffs therefore do not have a property right to enter into such memoranda of sale. It is for you, the jury, to determine whether plaintiffs had a property right to enter into memoranda of sale upon being the high bidder on four (4) parcels at the 2004 auction and whether the County deprived them of such right without due process of law.

If plaintiffs have established by a preponderance of the evidence that they had a property right to enter into memoranda of sale upon being the high bidder on four (4) parcels at the 2004

5

auction, it is for you, the jury, to determine whether the County deprived them of such right without affording them a fair opportunity to be heard.

The County claims that plaintiffs had an opportunity to present their case to the legislature in 2002 and declined to do so. The County further claims that plaintiffs had an opportunity to challenge the County's refusal to enter into memoranda of sale on the four (4) parcels by commencing an Article 78 proceeding in state court, which they also failed to do.

If plaintiffs establish by a preponderance of the evidence that they had a property right in signing the memoranda of sale and that the County deprived them of such right without an opportunity to be heard, then your verdict will be for plaintiffs. If plaintiffs fail to establish these facts by a preponderance of the evidence, then your verdict will be for the County.

**Substantive Due Process Claim**

Like claimants who assert procedural due process claims, claimants who assert substantive due process claims must demonstrate the deprivation of a protected property interest. In the context of a substantive due process claim, plaintiffs must also establish that the County denied plaintiffs' property rights in an arbitrary or irrational manner so egregious that shocks the conscience. Conduct that is merely incorrect or ill advised does not constitute a substantive due process violation.

You may return a verdict in favor of the plaintiff and against the County only if you find by a fair preponderance of the evidence that (1) plaintiffs had a property right to enter into memoranda of sale upon being the high bidder on four parcels at the 2004 auction and (2) the purpose of the County's refusal to enter into memoranda of sale with plaintiffs in 2004 was to cause harm unrelated to a legitimate government objective. If you do not find that the County acted with a

**6**

purpose to cause such harm in an arbitrary or irrational manner so egregious that it shocks the conscience, you must return a verdict for the defendant.

## BREACH OF CONTRACT CLAIMS

Plaintiffs claim that the County is liable to them for breach of contract arising out of the County's refusal to enter into memoranda of sale with them on the four (4) parcels for which they were recognized as the high bidder at the 2004 auction.

To prove a claim for breach of contract, plaintiffs must establish by a fair preponderance of the evidence that (1) a contract was formed and existed between plaintiffs and the County, (2) plaintiffs performed under such contract, (3) the County failed to perform under such contract and (4) plaintiffs suffered resulting damages.

The requirements for establishing the formation of a contract are (1) at least two parties with legal capacity to enter a contract, (2) the mutual assent of the parties to the essential terms of the contract and (3) consideration.

Plaintiffs claim that contracts were formed when they made offers at the 2004 auction and that the County accepted such offers when the gavel fell and they were identified as the high bidder.

The County claims that there was no express or implied contract with plaintiffs because the County had the discretion to decide whether to enter into memoranda of sale, and that all sales in any event were expressly subject to legislative approval.

It is for you, the jury, to determine by a fair preponderance of the evidence, whether plaintiffs have established that they entered into binding contracts with the County, that they performed their obligations under such contracts, that the County failed to perform its obligation

7

under such contracts, and that plaintiffs suffered damages as a result thereof. If you find that plaintiffs have failed to prove any such element, you must return a verdict for the County.

Respectfully submitted,

CHRISTINE MALAFI
Suffolk County Attorney

*Chris P. Termini*

By: Chris P. Termini (CPT/2693)
    Assistant County Attorney

*John R. Petrowski*

By: John R. Petrowski (JRP/4121)
    Assistant County Attorney

cc: Abbe David Lowell, Esq., via ECF
    Scott S. Balber, Esq., via ECF

**8**