UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT I. TOUSSIE, and CHANDLER PROPERTY, INC.,<br><br>         Plaintiffs,<br><br>   -against-<br><br>COUNTY OF SUFFOLK,<br><br>         Defendant. | **DEFENDANT'S PROPOSED VERDICT SHEET**<br><br>01 Civ. 6716 (JS) (ARL) |
| ROBERT I. TOUSSIE, LAURA TOUSSIE, ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE, PRAND CORP. f/k/a CHANDLER PROPERTY, INC., ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND ACQUISITION & SALES CORP., and TOUSSIE DEVELOPMENT CORP.,<br><br>         Plaintiffs,<br><br>   -against-<br><br>COUNTY OF SUFFOLK,<br><br>         Defendant. | 05 Civ. 1814 (JS) (ARL) |

## BILL OF ATTAINDER CLAIMS

1. Have Plaintiffs proven by a preponderance of the evidence that the County violated the constitutional prohibition against bills of attainder when the Suffolk County Legislature did not approve sales to plaintiffs in 2001?

  _____ YES    _____ NO

2. Have Plaintiffs proven by a preponderance of the evidence that the County violated the constitutional prohibition against bills of attainder when the Suffolk County Legislature did not approve sales to plaintiffs in 2002?

_____ YES             _____ NO

### INTIMATE ASSOCIATION CLAIMS

3. Have Plaintiffs proven by a preponderance of the evidence that the County violated their First Amendment right to intimate association with Isaac Toussie when it took adverse action against plaintiffs based upon Isaac's criminal conduct, among other reasons, in 2001?

_____ YES             _____ NO

4. Have Plaintiffs proven by a preponderance of the evidence that the County violated their First Amendment right to intimate association with Isaac Toussie when it took adverse action against plaintiffs based upon Isaac's criminal conduct, among other reasons, in 2002?

_____ YES             _____ NO

5. Have Plaintiffs proven by a preponderance of the evidence that the County violated their First Amendment right to intimate association with Isaac Toussie when it took adverse action against plaintiffs based upon Isaac's criminal conduct, among other reasons, in 2004?

_____ YES             _____ NO

## DUE PROCESS CLAIMS

6. Have Plaintiffs proven by a preponderance of the evidence that the County violated their procedural due process rights when they were not permitted to enter into memoranda of sale at the 2004 auction after being the highest bidder on four (4) parcels?

   _____ YES        _____ NO

7. Have Plaintiffs proven by a preponderance of the evidence that the County violated their substantive due process rights when they were not permitted to enter into memoranda of sale at the 2004 auction after being the highest bidder on four (4) parcels?

   _____ YES        _____ NO

## BREACH OF CONTRACT CLAIMS

5. Have Plaintiffs proven by a preponderance of the evidence that the County is liable for breach of contract arising out of the County's refusal to enter into memoranda of sale with them on the four (4) parcels for which they were recognized as the high bidder at the 2004 auction?

   _____ YES        _____ NO

## DAMAGES

8. If you answered "Yes" to any of the above questions, state the amount of damages, if any, you award to plaintiffs:

   $_____ Compensatory Damages

3

  OR

  $_____ Nominal Damages

 Foreperson, please sign and date the Verdict Sheet and advise the Court that you have reached a verdict.

  Dated: Central Islip, New York      _____
     August ____, 2011         FOREPERSON

Respectfully submitted,

CHRISTINE MALAFI
Suffolk County Attorney

*Chris P. Termini*
By: Chris P. Termini (CPT/2693)
   Assistant County Attorney

*John R. Petrowski*
By: John R. Petrowski (JRP/4121)
   Assistant County Attorney

cc: Abbe David Lowell, Esq., via ECF
   Scott S. Balber, Esq., via ECF

**4**