UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT I. TOUSSIE, and CHANDLER PROPERTY, INC.,

                                        Plaintiffs,

                    -against-                                    01 Civ. 6716 (JS) (ARL)
COUNTY OF SUFFOLK,                                               CONSOLIDATED

                                        Defendant.

_____

ROBERT I. TOUSSIE, LAURA TOUSSIE,
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY, INC.,
ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND
ACQUISITION & SALES CORP., and TOUSSIE
DEVELOPMENT CORP.,

                                        Plaintiffs,                   05 Civ. 1814 (JS) (ARL)

                    -against-

COUNTY OF SUFFOLK,

                                        Defendant.

## PLAINTIFFS' REQUESTS TO CHARGE

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Individual Practices of the Hon. Joanna Seybert, the Plaintiffs respectfully submit the following requests to charge, reserving the right to submit requests for additional or modified charges based upon the evidence actually adduced at trial and to conform with any rulings of law the Court may render during the course of these proceedings.

## **Charge No.  X: All Persons Stand Equal Before the Law**

As you know, this action was brought by private citizens against the County of Suffolk. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life.  All persons, including Plaintiffs and government entities such as the County of Suffolk, stand equal before the law and are to be dealt with as equals in a court of justice.  The law does not distinguish a person's rights based upon their level of education or wealth, and a successful person has the same rights as someone less successful.

Authority:    Adapted from Schwartz and Pratt, Section 1983 Litigation -- Jury Instructions, 2.03.11.

**<u>Charge No.  X: Corporate Parties</u>**

In this case, some of the Plaintiffs are corporations.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations are entitled to the same fair consideration you would give to any other individual party.

Authority:  Sand, Modern Federal Jury Instructions, 72.01.

**Charge No.  X: Prior Inconsistent Statements**

You have heard evidence that at some earlier time, witnesses have said or done something which counsel argues is inconsistent with the witness' trial testimony.  You have also heard evidence that [identify witness] gave testimony under oath that [describe testimony], which counsel argues is inconsistent with [identify witness]'s testimony in this court that [describe testimony].

Evidence of [identify witness]'s prior testimony given under oath that counsel argues is inconsistent with [identify witness]'s testimony in this court, may be considered by you as evidence that the witness testified truthfully in [his or her] prior sworn testimony.  You may also consider such evidence for the more limited purpose of helping you to decide whether to believe the trial testimony of [identify witness] who contradicted [him or her]self.   You may consider the witness's prior sworn testimony in deciding how much of [his or her] trial testimony, if any, to believe.

You have also heard evidence that witnesses have said things, not under oath, which counsel argues are inconsistent with the witnesses' trial testimony.  Evidence of these unsworn statements is not to be considered by you as affirmative evidence in determining liability. Evidence of unsworn prior inconsistent statements was placed before you for the more limited purpose of helping you to determine whether you believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an

important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority:  Adapted from Sand, Modern Federal Jury Instructions 76-5; Fed. R. Evid. 801(d)(1)(A); Santos v. Murdock, 243 F.3d 681, 684 (2d Cir. 2001) (noting that prior inconsistent statements made "at a trial, hearing, or other proceeding, or in a deposition" are admissible for substantive purposes, and not merely for impeachment purposes).

**Charge No.  X: Adverse Inference from Invocation of Privilege Against Self-Incrimination**

You have heard evidence that former Suffolk County Legislator Fred Towle repeatedly invoked his Fifth Amendment right to refuse to answer questions concerning whether he had accepted bribes in exchange for denying Plaintiffs the ability to close on properties sold by the County at auction, and whether he had served as a conduit for the payment of such bribes to other County legislators.  Silence in the face of such an accusation is a relevant fact, and is often evidence of the most persuasive character.  In this case, Mr. Towle's invocation of the Fifth Amendment is admissible and competent evidence tending to show that Mr. Towle did, in fact, receive unlawful bribes in exchange for denying Plaintiffs the ability to close on auction properties, and that he did, in fact, serve as a conduit for the payment of bribes to other County legislators in exchange for their votes against approval of sales to Mr. Toussie.  You may, but are not required to, infer that Mr. Towle invoked his Fifth Amendment rights because the answers to the questions he was asked would have implicated him in a crime.  You may also consider Mr. Towle's invocation of the Fifth Amendment as it relates to his credibility and believability as a witness in this proceeding.

Authority:  Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) (noting "the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties in civil actions when they refuse to testify . . ."); LiButti v. United States, 107 F.3d 110, 121-23 (2d Cir. 1998) (holding that an adverse inference was proper where a non-party invoked the Fifth Amendment); United States v. Ianniello, 824 F.2d 203, 208 (2d Cir. 1987) (noting that "the court permissibly drew a negative inference from the refusal of any of the defendants to answer questions relating

to [a relevant topic] . . . in the civil context, such a negative inference does not violate the Fifth

Amendment").

**Charge No. X: Section 1983**

The Plaintiffs have brought claims under a federal civil rights law, 42 USC § 1983. This law provides a remedy for persons who have been deprived of their federal constitutional and statutory rights under color of state law.  Section 1983 provides in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a remedy for violations of constitutional and federal rights. The law was passed by Congress to enforce the Fourteenth Amendment of the Constitution, which provides that no state shall deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

To establish a claim under section 1983, Plaintiffs must prove, by a preponderance of the evidence, the following three elements: first, that Suffolk County's conduct was under color of state law; second, that this conduct deprived Plaintiffs of a right protected by the Constitution of the United States (or a federal statute); and third, that Suffolk County's conduct caused the injuries and damages claimed by Plaintiffs.

I will explain each of these elements to you.

A defendant acts under color of state law when the defendant is exercising the authority of the state.

There is no dispute in this case that Suffolk County acted under color of state law. Therefore, you should treat this element of the Plaintiffs' claim as satisfied.

The second element requires that Plaintiffs prove that the conduct of Suffolk County deprived Plaintiffs of a federal right. I will explain to you in a moment what the plaintiffs have to prove in order to prevail on each of these separate constitutional claims.

The third element that Plaintiffs must prove is that the conduct of Suffolk County caused Plaintiffs injury or damages. Under Section 1983 Suffolk County is responsible for the natural consequences of its actions. An act causes an injury if it was a substantial factor in bringing about that injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be a substantial factor in causing an injury, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it if you find that there are other substantial causes. You must decide whether the injury or damage suffered by Plaintiffs was a reasonably foreseeable consequence of the defendants' conduct. Later, I will explain what the law says about the specific types of damages claimed by the Plaintiffs in this case.

If you find that the Plaintiffs have proven that Suffolk County deprived Plaintiffs of a federally protected right, and that Suffolk County's conduct was a substantial factor in causing Plaintiffs' injury, you must find for Plaintiffs. If you find that the Plaintiffs have not proved each of these elements, then you must find for Suffolk County on this claim.

Authority: Adapted from PJI 3:60

## Charge No. X: Bill of Attainder

Plaintiffs contend that because the Suffolk County Legislature refused to approve sales of property to them, Suffolk County violated the U.S. Constitution's prohibition against what are called bills of attainder.  A bill of attainder is a legislative act that applies either to named individuals, or to easily ascertainable members of a group, in such a way as to inflict punishment on them without a judicial trial.  To establish a bill of attainder claim, plaintiffs have the burden of proving that (1) Suffolk County took a legislative act (for example, tabling or rejecting their winning bids at auctions) that specified the affected persons; (2) that the legislative act constituted punishment, and (3) that no judicial trial was afforded to the plaintiffs before such a punishment was imposed.  I instruct you as a matter of law that by refusing to approve sales of property to Plaintiffs following the 2001 and 2002 auctions, Suffolk County took a legislative act that specified the affected persons.  I also instruct you as a matter of law that no judicial trial was afforded to Plaintiffs before these legislative acts were taken.  Therefore, the only issue for you to decide is whether the refusal to approve the 2001 and 2002 sales of property to Plaintiffs constituted punishment, as the law defines that concept.

In determining whether a legislative act imposes punishment, you should consider (i) whether the legislative act -- the refusal to approve Plaintiffs' winning bids at the 2001 and 2002 auctions --  viewed in terms of the type and severity of the burdens imposed on Plaintiffs, can reasonably be said to further legislative purposes other than punishment, (ii) whether any non-punitive objective is undermined by the existence of a less burdensome alternative by which Suffolk County could have achieved its legitimate non-punitive objectives (if any); and (iii) whether the record shows a legislative intent to punish Plaintiffs on the basis of their past conduct.

Authority:  Consolidated Edison Co. of New York v. Pataki, 292 F.3d 338, 349-50 (2d Cir. 2002) (noting that the Supreme Court has articulated three factors (whether the statute falls within the historical meaning of legislative punishment, whether the statute reasonably can be said to further nonpunitive legislative purposes, and whether the legislative record evidences an intent to punish) in determining whether the "punishment" prong of the bill of attainder test is met); Foretich v. United States, 351 F.3d 1198, 1220 (D.C. Cir. 2003) (holding that "even if the Act does not fall precisely within the historical meaning of punishment, this conclusion would not preclude a finding that the Act constitutes an unconstitutional bill of attainder").

**Charge No. X: Substantive Due Process**

Plaintiff Robert Toussie asserts that Suffolk County's refusal to allow him to sign memoranda of sale at the 2004 auction deprived him of a property interest in violation of his substantive due process rights under the U.S. Constitution.

A substantive due process violation refers to the abusive exercise of government power to deprive a person of a liberty or property interest. I instruct you as a matter of law that Robert Toussie had a property interest in being permitted to sign memoranda of sale enabling him to purchase properties for which he had submitted the highest bids at the 2004 auction. I instruct you, further, that as a matter of law, Suffolk County deprived Robert Toussie of this property interest by refusing to permit him to sign memoranda of sale enabling him to purchase properties for which he had submitted the highest bids at the 2004 auction.

Robert Toussie may succeed on his claim of a substantive due process violation upon proof that Defendant Suffolk County deliberately abused its authority or engaged in conduct so outrageously arbitrary as to constitute a gross abuse of government authority. Thus, proof that Suffolk County's actions in this case were motivated by bad faith, improper motive, or personal reasons may support a substantive due process violation. In contrast, government action based upon a proper motive would not be actionable.

Authority:  Schwartz & Pratt, Section 1983 Litigation Jury Instructions, 6.02.3 (modified); Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 505 (2d Cir. 2001) (holding that substantive due process forbids "conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority").

**<u>Charge No. X: Procedural Due Process</u>**

Plaintiff Robert Toussie asserts that Suffolk County's refusal to allow him to sign memoranda of sale at the 2004 auction deprived him of a property interest in violation of his procedural due process rights under the U.S. Constitution.

Procedural due process is different than substantive due process. To establish a procedural due process claim pursuant to Section 1983, Robert Toussie has the burden of proof to establish three elements by a preponderance of the evidence: 1) that he had a liberty or property interest protected by the due process clause of the Fourteenth Amendment to the United States Constitution 2) that he was deprived of this protected interest, and 3) that Suffolk County did not afford him adequate procedural rights (for example, notice or an opportunity to be heard) prior to depriving him of his protected interest. I instruct you as a matter of law that Robert Toussie had a property interest in being permitted to sign memoranda of sale enabling him to purchase properties for which he had submitted the highest bids at the 2004 auction. I instruct you, further, that as a matter of law, Suffolk County deprived Robert Toussie of this property interest by refusing to permit him to sign memoranda of sale enabling him to purchase properties for which he had submitted the highest bids at the 2004 auction.

The question you must decide, therefore, is whether Robert Toussie was afforded notice and an adequate opportunity to present his position to the Legislature with respect to the County's decision to refuse to permit him to sign memoranda of sale at the 2004 auction. If you find that Robert Toussie was not afforded notice and an adequate opportunity to be heard, you should find for Robert Toussie on this count. If you find that Robert Toussie was afforded notice and an adequate opportunity to be heard, you should find for Suffolk County on this count.

Authority: Summary Judgment Op. at 40; Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice and Instructions -- Civil, § 168.100; <u>Board of Regents of State Colleges</u> v. <u>Roth</u>, 408 U.S. 564, 572 (1972) (establishing framework for procedural due process claims predicated on the loss of a property interest); <u>Clark</u> v. <u>Kansas City School Dist.</u>, 375 F.3d 698, 701 (8th Cir. 2004) ("the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner"); <u>Eaton</u> v. <u>Charter Township of Emmet</u>, 317 Fed. Appx. 444 (6th Cir. March 21, 2008) (approving jury instructions similar to proposed instruction).

**Charge No. X: First Amendment Right of Intimate Association**


Plaintiffs Robert Toussie, his wife, Laura Toussie, their daughter Elizabeth Toussie, and Robert's brother Michael Toussie contend that Suffolk County interfered with their right of intimate association by refusing to approve sales to them at the 2001 and 2002 auctions, and refusing to allow Robert Toussie to execute memoranda of sale at the 2004 auction, on the basis of the alleged actions of Isaac Toussie, who is Robert and Laura Toussie's son, Elizabeth Toussie's brother, and Michael Toussie's nephew.

The U.S. Constitution protects a freedom of intimate association as a fundamental element of personal liberty.  The freedom of intimate association protects certain highly personal relationships against unjustified interference by the government.  Family relationships, such as the relationship between parent and child, the relationship between husband and wife, and the relationship between siblings receive the greatest degree of constitutional protection because they are among the most intimate of relationships.  Such family relationships are protected by the U.S. Constitution's freedom of intimate association.

The issue for you to determine is whether the deprivation of Robert, Laura, Elizabeth and Michael Toussie's right of intimate association is outweighed by any legitimate reasons the County had for disapproving the sales to Robert, Laura, Elizabeth and Michael Toussie in 2001 and 2002, and refusing to allow Robert Toussie to execute memoranda of sale at the 2004 auction.  In making this decision, you should consider the evidence concerning the extent to which the County's actions interfered with the Toussies' family relationships, and determine how severely these relationships were impaired by the County's actions.  Next, you should consider the evidence to determine whether the County's actions served legitimate governmental

interests.  If you find that the County's actions did serve legitimate governmental interests, you must determine whether those interests outweighed the Toussie's rights to intimate association. If you find that the County's legitimate interests (if any) did not outweigh the interference (if any) with the Toussies' family relationships, you should find for the Plaintiffs on this claim.  If you find that the County's legitimate interests (if any) did outweigh the interference (if any) with the Toussies' family relationships, you should find for the County on this claim.

Authority:  Summary Judgment Op., at 45-46; Chi Iota Colony of Alpha Epsilon Phi Fraternity v. C.U.N.Y., 502 F.3d 136, 143 (2d Cir. 2007) ("To determine whether a governmental rule unconstitutionally infringes on an associational freedom, courts balance the strength of the associational interest in resisting governmental interference with the state's justification for the interference"); Patel v. Searles, 305 F.3d 130, 136 (2d Cir. 2002) (noting that "constitutional protections for associational interests are at their apogee when close family relationships are at issue"); Adler v. Pataki, 185 F.3d 35 (2d Cir. 1999) (citing cases which "consider[s] whether the challenged action alleged to burden an intimate association is 'arbitrary' or an "undue intrusion" by the state . . ."); Adkins v. Board of Education, 982 F.2d 952, 955-56 (6th Cir. 1993) (upholding claim of violation of the right of intimate association where plaintiff was denied continued employment because of school superintendant's dislike of her husband).

**<u>Charge No. X: Breach of Contract</u>**

The Plaintiffs contend that Defendant Suffolk County breached contracts with the Plaintiffs by refusing to allow Plaintiffs to bid, and to sign memoranda of sale, at the 2004 auction. The burden is on Plaintiffs to show that, for each of the properties and bids at issue, a valid contract existed and its terms were breached by the County.

The Plaintiffs also contend that the County, by publishing the 2004 Auction Book and opening the 2004 Auction, entered into a contract with Plaintiffs, obligating the County to permit Plaintiffs to bid on the properties being offered for sale, and obligating the County to sell properties to Plaintiffs where Plaintiffs were the high bidders. They contend that by refusing to allow them to sign memoranda of sale where they were the high bidder, by refusing to recognize their bids, and by causing them to be removed from the 2004 auction, Suffolk County breached the contract inviting them to come and bid at the auction, and specifying that persons submitting high bids would be permitted to sign memoranda of sale.

You must, therefore, determine whether it was the intent of the parties to enter into a contract obligating the County to permit Plaintiffs to bid on the properties being offered for sale, at the 2004 auction, and obligating the County to sign memoranda of sale with Plaintiffs where Plaintiffs were the high bidders at the 2004 auction. The intent of the parties is determined by considering the relationship of the parties, what they said and what they did, and all of the surrounding circumstances. A person's secret intent has no bearing; only the intent indicated by his or her words and acts may be considered.

If you find that the County entered into a contract with Plaintiffs to allow them to bid at the 2004 auction, or to allow Plaintiffs to sign memoranda of sale where they were the high bidders at the 2004 auction, you should find for Plaintiffs on their breach of contract claims

relating to the 2004 auction.  If you find that the County did not enter into a contract with Plaintiffs to allow them to bid at the 2004 auction, or to allow Plaintiffs to sign memoranda of sale where they were the high bidders at the 2004 auction, you should find for the County on Plaintiffs' breach of contract claims relating to the 2004 auction.

      Authority:  Adapted from PJI 4:1.1

**<u>Charge No. X: Damages -- Breach of Contract</u>**

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiffs.  It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiffs are entitled to recover from the defendants.  If you decide Plaintiffs are not entitled to recover, you need not consider damages.  Only if you decide that the Plaintiffs are entitled to recover will you consider damages.  If you find a breach of contract with them, Plaintiffs Robert Toussie, Laura Toussie, Elizabeth Toussie, Michael Toussie, Prand Corporation, Arthur A. Arnstein Corporation, Toussie Land Acquisition & Sales Corp., and Toussie Development Corp. are entitled to damages resulting from that breach.

When a seller of real estate breaches a contract for the sale of real estate in willful disregard of the contract, the purchaser is entitled to what is called the benefit of the bargain.  The benefit of the bargain is the difference between the contract price (here, Plaintiffs' winning bid amounts) and the market value of the property, together with the incidental damages that flow from the breach.  Thus, if you find that Plaintiffs are entitled to damages for breach of contract, you should award them the difference between the amount of their winning bids and the market value of the properties.

Authority:  Adapted from PJI 4:20.

**Charge No. X: Damages -- Section 1983 Claims**

If the Plaintiffs have proved each of the essential elements of their Section 1983 claims, then you must determine an amount that is fair compensation for all of the Plaintiffs' damages. These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole -- that is, to compensate the plaintiff for the damage which the plaintiff has suffered.  Compensatory damages are not limited to expenses which the plaintiff may have incurred.  If the plaintiff wins, he is entitled to, in addition to his expenses and economic losses, compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that he suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the Plaintiffs prove were proximately caused by the defendant's allegedly wrongful conduct.    That is, you must compensate Plaintiffs only for those injuries that are a direct result of defendants' conduct that violated the Plaintiffs' constitutional rights.  The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  The law does not require that the Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  You should use sound discretion in fixing an amount of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.  If you find that the defendants wrongfully denied Plaintiffs the right to purchase auction property, and interfered with the Plaintiffs' ability to operate their real estate business, you should award Plaintiffs the sum of money that will fairly compensate them for any actual damage or injury they have sustained for (i) the loss of the property, and (ii) the inability of Plaintiffs to operate their real

estate businesses in the manner that they would have been able to achieve absent the allegedly wrongful actions of Defendants.

Authority:  Schwartz and Pratt, Section 1983 Litigation Jury Instructions, 18.01.01, 18.01.4, 18.01.13.

## **Charge No. X:  General Verdict Form**

I have prepared a general verdict form for you to use in recording your decision.  On the form, there are spaces to indicate your verdict on each of the claims by each of the plaintiffs against the defendant.  There are also spaces to indicate the total amount of damages, if any, which you award to each plaintiff.  You must separately evaluate each claim brought by each plaintiff against the defendant.  Each verdict must be unanimous and must reflect the conscientious judgment of each juror.  You should return a verdict on each claim.


Authority:  Sand, Modern Federal Jury Instructions, 78-7.

Dated:   August 8, 2011

Respectfully submitted,

CHADBOURNE & PARKE LLP


By _____*s/ Abbe David Lowell*_____

Abbe David Lowell
Scott S. Balber
Emily Abrahams
Attorneys for Plaintiffs
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100
adlowell@chadbourne.com