UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT I. TOUSSIE, and CHANDLER PROPERTY, INC.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>COUNTY OF SUFFOLK,<br><br>　　　　　　　　　　　　Defendant. | 01 Civ. 6716 (JS) (ARL) CONSOLIDATED<br><br>**OBJECTIONS TO DEFENDANT'S BILL OF COSTS PURUSANT TO <u>LOCAL CIVIL RULE 54.1(b)</u>** |
| ROBERT I. TOUSSIE, LAURA TOUSSIE, ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE, PRAND CORP. f/k/a CHANDLER PROPERTY, INC., ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND ACQUISITION & SALES CORP., and TOUSSIE DEVELOPMENT CORP.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>COUNTY OF SUFFOLK,<br><br>　　　　　　　　　　　　Defendant. | 05 Civ. 1814 (JS) (ARL) |

Pursuant to Local Civil Rule 54.1(b), Robert I. Toussie, Laura Toussie, Elizabeth

Toussie, Michael I. Toussie, Prand Corp. f/k/a Chandler Property, Inc., Arthur A. Arnstein Corp.,

Toussie Land Acquisition & Sales Corp., and Toussie Development Corp. (together,

"Plaintiffs"), by and through counsel, hereby submit objections to the County of Suffolk's (the

"County" or "Defendant") Bill of Costs, set for taxation on November 2, 2011 at 10:00 a.m.

## <u>ARGUMENT</u>

The County of Suffolk's motion seeking costs in connection with the above-referenced

action should be denied in its entirety.  The costs sought by the County are not allowable based

on the plain language of the relevant statutes and rules and are entirely improper for numerous other reasons set forth more fully herein.

**The County's Requests for Costs are Improper**

In its Bill of Costs, the County seeks three categories of costs: (1) expert fees, (2) photocopying costs, and (3) costs for printed/electronically recorded transcripts necessarily obtained for use in the case.[1] (See D.E. #327-1 "Bill of Costs.") Of those three categories, the first two are unequivocally not allowable under Local Civil Rule 54.1(c).

First, the County requests expert fees in the amount of $81,193.75. (Bill of Costs at p. 3; D.E. # 327-2 "Declaration in Support of Request for Costs" (hereinafter "Termini Decl.") at p. 3.) Local Civil Rule 54.1(c)(3) states that "witness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies." Section 1821(b) further provides that "a witness shall be paid an attendance fee of $40 per day for each day's attendance" at trial. Pursuant to Local Civil Rule 54.1(c)(3), "[f]ees for expert witnesses are taxable only to the extent of fees for ordinary witnesses unless prior court approval was obtained." Thus, the only fee allowable for expert witnesses is the statutorily limited $40 per diem. In fact, the Supreme

---

[1] Plaintiffs dispute that the County is a prevailing party under Federal Rule of Civil Procedure ("FRCP") 54(d)(1). This Court has previously held that even where defendants defeated 14 out of 15 of plaintiffs' claims and the jury awarded plaintiffs nominal damages against only one defendant, plaintiffs -- and not defendants -- were the prevailing parties because they had succeeded on a significant issue. Hamptons Locations, Inc. v. Rubens, No. 01-CV-5477(DRH)(WDW), 2010 WL 3522808, at *3-4 (E.D.N.Y. Sept. 2, 2010). In this action, and as set forth in detail in the Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees (D.E. #326-1 at pp. 3-5), the jury rendered a verdict in favor of Plaintiff Robert Toussie on significant issues concerning his due process rights and awarded compensatory damages in the amount of $12,500, making Plaintiff the prevailing party entitled to costs.

Court has specifically held that expert witness fees may not be taxed beyond the daily attendance fee. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). The only exception to the $40 per diem limitation is if the expert is court-appointed. Id.; see also Sylvester v. City of New York, No. 03 Civ. 8760(FM), 2006 WL 3230152, at *16 (S.D.N.Y. Nov. 8, 2006) (disallowing all costs for expert except $40 fee because defendant provided no evidence that the Judge granted prior approval of expert and "[u]nder Local Civil Rule 54.1(c)(3), fees for expert witnesses are taxable only to the extent of fees for ordinary witnesses, unless prior court approval is obtained").

Based on the plain reading of Local Civil Rule 54.1(c) and applicable case law, the $81,193.75 in expert fees sought by the County far exceeds the $40 per diem allowance set forth in Section 1821(b) and Local Civil Rule 54.1(c)(3), and thus should be denied. Ronald Haberman, the County's expert, testified for a single day, entitling the County to seek costs of no more than $40. (Local Civil Rule 54.1(c)(3).) Mr. Haberman was not a court appointed expert and thus the only available exception to Local Civil Rule 54.1(c)(3) does not apply. Furthermore, the County did not obtain prior court approval allowing it to seek expert fees as costs and does not provide otherwise in its application. See Crawford Fitting Co., 482 U.S. at 442. The County, therefore, is not entitled to the $81,193.75 it seeks as costs for expert fees.

The County is similarly not entitled to reimbursement for what it deems to be photocopying costs in the amount of $5,980.20. (Bill of Costs at p. 3; Termini Decl. at p. 3.) Pursuant to Local Civil Rule 54.1(c)(5), "a copy of an exhibit is taxable … [and] the fees for a search and certification or proof of the non-existence of a document in a public office is taxable." Exhibit V to the Termini Declaration evidences that the photocopying costs claimed were made in connection with a "document production," not in relation to trial exhibits or to show the *non-*

3

*existence* of a document.  (Termini Decl. at pp. 49-50.)  Additionally, Local Civil Rule 54.1(a)

clearly states that "***Bills*** for the costs claimed shall be attached as exhibits," (emphasis added).

Exhibit V to the Termini Declaration, however, is not a bill at all, but rather an unsigned letter to

Plaintiffs' counsel from an Assistant County Attorney seeking the costs of photocopying

documents in relation to a document production the County alleges to have made to Plaintiffs in

2006.  This letter does not even come close to demonstrating the County's entitlement to the type

of photocopying costs actually allowed under Local Civil Rule 54.1(c)(5).  See Todaro v. Siegel

Fenchel & Peddy, P.C., 697 F. Supp. 2d 395, 402-03 (E.D.N.Y. 2010) (Seybert, J.) (refusing to

assess copying costs when plaintiff did not provide sufficient detail and counsel "nowhere

affirm[ed] that all these costs are 'allowable by law'"); Farberware Licensing Co. LLC v. Meyer

Mktg. Co., No. 09 Civ. 2570(HB), 2009 WL 5173787, at *6 (S.D.N.Y. Dec. 30, 2009)

(deducting costs of a deposition that was not supported by an invoice).

     The photocopying costs sought by the County are supported by speculative documents

and do not comport with the local rules.  The County is therefore not entitled to the $5,980.20 it

claims as costs for photocopying.

## CONCLUSION

     Based on the foregoing, the County's request for costs for expert fees and photocopying

costs should be denied in its entirety.  Further, to the extent that the Court finds that the County

is entitled to any costs, those costs should be limited to the County's claim for trial and

deposition-related transcripts which were necessarily obtained for use in this action

Dated: November 1, 2011

CHADBOURNE & PARKE LLP


By: _____*s/ Scott S. Balber*_____
                    Scott S. Balber
          Attorneys for Plaintiffs
          30 Rockefeller Plaza
          New York, NY  10112
          (212) 408-5100
          sbalber@chadbourne.com