UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT I. TOUSSIE, and CHANDLER PROPERTY, INC., <br><br>        Plaintiffs, <br><br>    -against- <br><br>COUNTY OF SUFFOLK, <br><br>        Defendant. | 01 Civ. 6716 (JS) (ARL) <br> CONSOLIDATED |
| ROBERT I. TOUSSIE, LAURA TOUSSIE, ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE, PRAND CORP. f/k/a CHANDLER PROPERTY, INC., ARTHUR A. ARNSTEIN CORP., TOUSSIE LAND ACQUISITION & SALES CORP., and TOUSSIE DEVELOPMENT CORP., <br><br>        Plaintiffs, <br><br>    -against- <br><br>COUNTY OF SUFFOLK, <br><br>        Defendant. | 05 Civ. 1814 (JS) (ARL) |

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

   Plaintiff Robert I. Toussie ("Plaintiff") hereby submits this reply memorandum of law in further support of his motion for attorneys' fees pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure ("FRCP") 54.  For the reasons set forth below, Plaintiff's motion should be granted in its entirety and the court should award $2,794,929.50 in attorneys' fees.

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES BECAUSE HIS CONSITUTIONAL RIGHTS WERE VINDICATED BY THE VERDICT

Plaintiff brought this action to vindicate his constitutional right to attend the surplus real estate auctions held by defendant the County of Suffolk (the "County"). After the trial in this action, the jury rendered its verdict vindicating those very rights. Specifically, the jury found that Plaintiff's due process rights were violated by the County, that Plaintiff suffered an actual injury as a result of the County's conduct, and further that the County's conduct "shock[ed] the conscience." (Jury Verdict at pp. 6-8.)

To detract attention from those unassailable facts, the County analyzes Plaintiff's success only in terms of the amount of the damages awarded concluding that Plaintiff isn't entitled to the attorneys' fees he seeks because the jury only awarded him "0.0125% of the actual damages" originally sought.[1] (D.E. #331 "Memorandum of Law in Opposition to Plaintiff's Motion for Attorney Fees" (hereinafter "Opp. Brief") at p. 8.) Indeed, the County utterly fails to evaluate the substance of Plaintiff's success. (Id. at pp. 1-4, 7-8, 15.) If the purposes of Section 1988 are to be accomplished, then the County should not be permitted to avoid paying the attorneys' fees

---

[1] The County's analysis of the damages originally sought is, in any event, irrelevant. See Anderson v. City of New York, 132 F. Supp. 2d 239, 242 (S.D.N.Y. 2001) (finding that in assessing a plaintiff's success for the purposes of awarding attorneys' fees under Section 1988, a plaintiff's damages award should not be compared to the amount sought in the complaint, but rather the amount asked of the jury).

2

that Plaintiff incurred vindicating his fundamental, constitutional rights simply because it views the damages awarded as "infinitesimal." (Opp. Brief at p. 8.)

Further, the law is clear that a Plaintiff is a prevailing party entitled to attorneys' fees even when less than all the claims or damages sought are won. See Raishevich v. Foster, 247 F.3d 337, 345 (2d Cir. 2001); Ruggiero v. Krzeminski, 928 F.2d 558, 564 (2d Cir. 1991). Moreover, the County's emphasis on the holdings in Farrar v. Hobby, 506 U.S. 103, 111 (1992), Pino v. Locasio, 101 F.3d 235 (2d. Cir. 1996), and Ciaprazi v. Cnty. of Nassau, 195 F. Supp. 2d 398 (E.D.N.Y. 2002) are inapposite. In each of those cases, the jury awarded $1.00 in nominal damages. Farrar, 506 U.S. at 107; Pino, 101 F.3d at 235; Ciaprazi v. Cnty. of Nassau, 195 F. Supp. 2d at 399. Indeed, in Farrar the Supreme Court emphasized that the technically "prevailing" plaintiff did not deserve attorneys' fees because he failed "to prove an essential element of his claim for monetary relief" by not establishing actual injury in connection with his procedural due process claim. Farrar, 506 U.S. at 112-15. Whereas here the jury awarded Plaintiff $12,500 in compensatory damages for actual injuries Robert Toussie sustained on two important due process claims. (Judgment; Jury Verdict Sheet at p. 8.) In fact, the jurors were specifically asked "do you decline to award compensatory damages and award Robert Toussie nominal damages in the amount of one dollar?," but instead awarded $12,500 "to fairly compensate [Robert Toussie] for *any injury he actually sustained* as a result of the County's conduct." (Jury Verdict Sheet at p. 8.)[2]

---

[2] Furthermore, Plaintiff's damages award is not "purely technical" or "de minimis" according to Justice O'Connor's concurring opinion in Farrar, because the due process claims that

(Cont'd on following page)

## II. PLAINTIFF'S REQUEST IS REASONABLE

Plaintiff's request for attorneys' fees is reasonable and the County fails to demonstrate otherwise. First, the County's contention that Plaintiff failed to make a good faith effort to exclude time entries related to unsuccessful claims is erroneous.[3] (Opp. Brief at p. 22.) In fact, Plaintiff carefully deleted from the calculation and redacted from the invoices irrelevant entries. (Balber Decl. ¶ 6.)[4] Even though many entries are difficult to categorize as solely having to do with the Claims, Plaintiff is allowed to submit overlapping entries. See Konits v. Karahalis, 409 F. App'x 418, 421 (2d Cir. 2011) (finding that in "many civil rights cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories, . . . making it difficult to divide the hours expended on a claim-by-claim basis" and "such a lawsuit cannot be viewed as a series of discrete claims . . .") (citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)).

Second, the County's list of time it unilaterally views as "improper" is misguided at best. (Opp. Brief at p. 22, Exh. K.) For example, the County states that time for the depositions of

---

(Cont'd from preceding page)

Plaintiff won are not "relatively unimportant." Adams v. Rivera, 13 F. Supp. 2d 550, 552 (S.D.N.Y. 1998) (citing Farrar, 506 U.S. at 121-22). Thus, this case is also distinguishable from Adams v. Rivera. (See Opp. Brief at pp. 16-18.) Additionally, in Carroll v. Blinken, 105 F.3d 79 (2d Cir. 1997), the court did award attorneys' fees despite limited success, albeit the court reduced the amount originally requested. (See Opp. Brief at p. 18.)

[3] In addition, the only cases cited by the County in support of its claim that a plaintiff's request for fees should be denied in its entirety based on a failure to make a good faith effort to exclude fees are not binding precedent on this Court. (Opp. Brief at pp. 20-21.)

[4] Unless otherwise indicated, all defined terms herein shall have the same meaning as those set forth in the Memorandum of Law In Support of Plaintiff's Motion for Attorneys' Fees dated October 19, 2011.

dismissed defendants was improper, (id.), but those defendants, regardless of whether they were ultimately dismissed, were key witnesses and their depositions still provided evidence that was critical to Plaintiff's case. Furthermore, of the total 7,679.1 hours that Plaintiff's law firms expended on the case from January 2005 through the end of September 2011, Plaintiff only requested 4,753.15 hours. In other words, Plaintiff's request for attorneys' fees eliminated over 38% of the time spent on this case since 2005.

Third, the County argues that Plaintiff's requested rates are unreasonable based on the Order by Magistrate Judge Lindsay dated May 30, 2011, which order is inapplicable here. (D.E. #241 "May Order"; Opp. Brief at p. 23.) The May Order was issued for the specific purpose of sanctioning the Defendant for its egregious discovery abuses during the time period from November 2006 to January 2007 and only included time for four attorneys. (May Order at p. 1, 3-4.) Moreover, the County has cited no case law in support of the notion that the rates used in a prior sanction order must be used by plaintiff's counsel in calculating attorneys' fees pursuant to Section 1988. (Opp. Brief at p. 23.) In addition, though the County attempts to suggest otherwise, Plaintiff excluded the fees awarded by Judge Lindsay from this fee application. (Balber Decl. ¶ 5.)

Fourth, notwithstanding the fact that Plaintiff does not seek a single expense in his motion for attorneys' fees, the County accuses Plaintiff of submitting "outrageously excessive expenses." (Opp. Brief at p. 23.) Instead, as set forth in paragraph 5 of the Balber Declaration, the total fee amount was calculated by using the hours listed next to each attorney's or

paralegal's name (which correlates with the unredacted time entries from the invoices) and multiplying by the current rate for a given year.[5] Similarly, while the County describes in detail the claims and damages that Plaintiff sought from 2001 onward (Opp. Brief at pp.1-8), Plaintiff did not seek any fees from 2001 through 2004. (Balber Decl. ¶ 6, 8.) Plaintiff freely admits that he did not succeed on claims brought prior to the 2005 Action and therefore, the County's extensive analysis of the time period prior to 2005 is irrelevant. Prior to submitting his application for attorneys' fees, every single time entry from January 2005 to the present was carefully analyzed and voluminous time entries were excluded and redacted to ensure that irrelevant entries were not included in the calculation. (Balber Decl. ¶ 6.)

Finally, there is no basis for the County's argument that the Court should award $0.00 or the arbitrary figure of $25,000. (Opp. Brief at p. 24.) As set forth in Section I supra, Plaintiff is the prevailing party and is entitled to attorneys' fees even though he succeeded on only a subset of his claims. Even if the Court exercises its discretion to reduce the fee amount requested by a percentage, see Lochren v. Cnty. of Suffolk, 344 F. App'x 706, 709 (2d Cir. 2009), that discretion cannot be substituted for the County's unfounded and arbitrary judgment about what the fee amount should be. To be certain, simply doubling the amount of damages Plaintiff won is not an appropriate calculation under the presumptively reasonable fee standard. See Arbor

---

[5] Moreover, in its separate Bill of Costs submission, Plaintiff is only seeking reimbursement of $56,513.73 of the $287,313.43 in expenses actually incurred in connection with this action. (D.E. #328 "Bill of Costs.") In contrast, the County has submitted a Bill of Costs in the amount of $107,906.49. (D.E. #327 "Bill of Costs".)

Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 189 (2d Cir. 2008).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees in the amount of $2,794,929.50.

Dated: November 9, 2011

                            CHADBOURNE & PARKE LLP

                            By     *s/Scott S. Balber*
                                   Scott S. Balber
                                   Abbe David Lowell
                                   Emily Abrahams
                           Attorneys for Plaintiffs
                           30 Rockefeller Plaza
                           New York, NY 10112
                           (212) 408-5100
                           sbalber@chadbourne.com