## HAMBURGER, MAXSON, YAFFE, KNAUER & MCNALLY, LLP

ATTORNEYS AT LAW
225 BROADHOLLOW ROAD, SUITE 301E
MELVILLE, NEW YORK 11747
631.694.2400
FAX: 631.694.1376
HMYLAW.COM

RICHARD HAMBURGER
rhamburger@hmylaw.com

RECEIVED
IN CHAMBERS OF
HON. JOANNA SEYBERT
★ SEP 1 2 2012 ★

September 11, 2012

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ SEP 12 2012 ★

**LONG ISLAND OFFICE**

**VIA FEDERAL EXPRESS**

Hon. Joanna Seybert
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    Robert I. Toussie, et. ano v. County of Suffolk
               01 Civ 6716 (JS)(ARL) and 05 Civ 1814 (JS)(ARL)
               <u>Our File No.: 1792.36</u>

Dear Judge Seybert:

      I write in connection with Your Honor's Memorandum & Order dated September 6, 2012 in these consolidated actions. The purpose of my letter is to respectfully request that Your Honor correct footnote 12 of the opinion which states:

> While there are four separate law firms seeking attorney's fees, the issues discussed above permeate all of the firms' billing records, with the exception of the fees submitted by Mr. Hamburger in connection with his testifying on behalf of Mr. Toussie. Mr. Hamburger's witness fees, however, are more appropriately characterized as costs, as he was no longer representing Toussie when he testified on his behalf, and the parties resolve the issue of costs without Court intervention.

      The footnote begins by stating that "there are four separate law firms seeking attorney's fees" when, in fact, there was only *one* law firm making application for an attorneys' fee award that included attorneys' fees paid or incurred to four separate law firms. As respects my firm, the balance of the footnote can be read in two ways: (1) that

HAMBURGER, MAXSON, YAFFE, KNAUER & MCNALLY, LLP
ATTORNEYS AT LAW

Hon. Joanna Seybert
September 11, 2012
Page 2

we are *entirely* excluded from the group of four law firms whose billing records are permeated with grossly inflated and outrageously excessively billing; or (2) that only that *portion* of my firm's billing that concerned my testifying as a witness was so excluded, and the firm is otherwise as culpable as the others.

Notably, the New York Law Journal has accepted the second interpretation, stating on page 1 on September 10:

> Four law firms that submitted a "grossly inflated" $2.7 million fee request after winning $12,500 for their client should go away empty-handed, a federal judge has ruled. Eastern District Judge Joanna Seybert, sitting in Central Islip, condemned the fee application submitted by real estate investor Robert Toussie's attorneys, including $2.65 million for Chadbourne & Parke, as "outrageously excessive" and done in "bad faith."

The four law firms, including mine, are identified by name in the article, also on page 1.

I respectfully request correction of footnote 12 to eliminate any inference that my firm's billing was grossly or outrageously excessive, or grossly inflated, or that my firm made application for an award of attorneys' fees in bad faith. The issue is vitally important to us as we frequently make application for reimbursement of attorneys' fees pursuant to "prevailing party" contract provisions or fee shifting statutes. We now face the prospect, in connection with each of those applications, of defending ourselves against an apparent federal court finding that our firm is guilty of gross over-billing.

Notably, we did not represent any of the plaintiffs in connection with their application for attorneys' fees before Your Honor. We did not participate in or review any of the papers submitted in support of that application. The bills rendered by my firm to Mr. Toussie that were attached by plaintiffs' counsel of record to the fee application in redacted form were all timely and fully paid.

When I learned of the Court's decision by reading about it in yesterday's Law Journal, I downloaded the application from Pacer, including the redacted copies of my firm's bills that were submitted in support. They are attached hereto, and reflect:

HAMBURGER, MAXSON, YAFFE, KNAUER & McNALLY, LLP
ATTORNEYS AT LAW

Hon. Joanna Seybert
September 11, 2012
Page 3

1. In 2011, Mr. Toussie was billed for 14 hours of my time in preparing, and being prepared for, my anticipated trial testimony about the expulsion of Mr. Toussie and me from the 2004 Suffolk County Surplus Property Auction. For those services, Mr. Toussie was billed and paid $5,600 (14 x $400) The bill was itemized (*see* bill dated 7/29/11).

2. In 2006, Mr. Toussie was billed 6.5 hours for my time in connection with testifying as a witness subpoenaed by defendant County of Suffolk. For those services, Mr. Toussie was billed and paid $2,118.20 (6.2 x $385 plus .30 x $350, less 15%). The two bills were itemized (*see* bills dated 8/11/06 and 7/14/06).

3. In 2005, Mr. Toussie was billed 8.8 hours for my time, and the time of my partner David N. Yaffe, for our time working with Mr. Toussie's attorneys in Washington, D.C., with regard to prosecuting FOIL requests and FOIL appeals with Suffolk County, and in reviewing documents and other materials received from Suffolk County pursuant to FOIL (*see* bill dated 3/08/05) and 1.8 hours for my time and Mr. Yaffe's time in communicating with our clients and a local attorney also working for our clients with regard to a certain issue (*see* bill dated 1/11/05). For those services, Mr. Toussie was billed and paid $2,958 (6.0 x $350 for RH, plus 4.6 x $300 for DNY, less 15%). The two bills are itemized, although the issue under discussion is not identified (*see again* bills dated 3/08/05 and 1/11/05).

We do not believe that a fair review of these five redacted bills, reflecting total invoicing of $10,676.20, should lead the Court to conclude that my firm's billing was "grossly excessive" or "grossly inflated." Nor do we believe that these five redacted bills suffer from any of the other deficiencies discussed in Your Honor's opinion or that this firm, not having made or participated in the application for attorney's fees, can be fairly charged with seeking an attorneys' fees award in "bad faith."

I also note that the attorneys' fees application mistakenly reports my hourly billing rate and Mr. Yaffe's hourly billing rate in October 2011 as $440 and $350 respectively. Prior to October 1, 2011, our hourly rates were $400 and $350, respectively. On and after October 1, 2011, our hourly rates were (and are) $425 and $380, respectively.

HAMBURGER, MAXSON, YAFFE, KNAUER & MCNALLY, LLP
ATTORNEYS AT LAW

Hon. Joanna Seybert
September 11, 2012
Page 4


I do not have any explanation for the statement made in the October 19, 2011 declaration that my Office Manager provided these rates. She advises me that she did not.

    In fairness, I respectfully request that footnote 12 of Your Honor's September 6 opinion be appropriately corrected to eliminate any statement or inference that my firm's billing was grossly or outrageously excessive, or grossly inflated, or that my firm made application for an award of attorneys' fees in bad faith.

    Thank you.

Respectfully,

Richard Hamburger

/lc
Attachment

c:    <u>Via e-mail; w/att.:</u>
    Abbe David Lowell, Esq.
    Scott S. Balber, Esq.
    Emily Abrahams, Esq.
    Arlene S. Zwilling, Esq.
    John Richard Petrowski, Esq.
    Chris P. Termini, Esq.
    William G. Holst, Esq.

    <u>Via facsimile; watt.:</u>
    Mr. Robert I. Toussie

RH to Seybert - 2012.09.11.wpd