```
UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT I. TOUSSIE and
CHANDLER PROPERTY, INC.,

                        Plaintiffs,        MEMORANDUM & ORDER
                                            01-CV-6716(JS)(ARL)
        -against-

COUNTY OF SUFFOLK,

                        Defendants.
----------------------------------------X
ROBERT I. TOUSSIE, LAURA TOUSSIE,
ELIZABETH TOUSSIE, MICHAEL I. TOUSSIE,
PRAND CORP. f/k/a CHANDLER PROPERTY,
INC., ARTHUR A. ARNSTEIN CORP.,
TOUSSIE LAND ACQUISITION & SALES CORP.,
and TOUSSIE DEVELOPMENT CORP.               05-CV-1814(JS)(ARL)

                        Plaintiffs,

        -against-

COUNTY OF SUFFOLK,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Abbe David Lowell, Esq.
                        Chadbourne & Parke, LLP
                        1200 New Hampshire Avenue NW
                        Washington, DC 20036

                        Scott S. Balber, Esq.
                        Emily Abrahams, Esq.
                        Jeffrey Carson Pulley, Esq.
                        Chadbourne & Parke LLP
                        30 Rockefeller Plaza
                        New York, NY 10112
```

| For Suffolk County: | Arlene S. Zwilling, Esq. |
| --- | --- |
| | John Richard Petrowski, Esq. |
| | Chris P. Termini, Esq. |
| | William G. Holst, Esq. |
| | Suffolk County Attorney's Office |
| | H. Lee Dennison Building-5th Floor |
| | 100 Veterans Memorial Highway |
| | P.O. Box 6100 |
| | Hauppauge, NY 11788 |

SEYBERT, District Judge:

Presently before the Court is an unopposed letter motion filed by Plaintiff Robert Toussie's former lawyer, Richard Hamburger, Esq., asking that the Court amend footnote 12 in its Memorandum and Order dated September 6, 2012 denying Mr. Toussie's application for attorney's fees. The footnote states, in relevant part, as follows:

> While there are four separate law firms seeking attorney's fees, the issues discussed above permeate all of the firms' billing records, with the exception of the fees submitted by Mr. Hamburger in connection with his testifying on behalf of Mr. Toussie.

(Docket Entry 339, at 25 n.12.)

The Court has reviewed the footnote in question and agrees with Mr. Hamburger that it is somewhat misleading. Accordingly, the Court GRANTS Mr. Hamburger's unopposed request. The Court hereby clarifies its prior Memorandum and Order as follows: The application for attorney's fees was submitted by Chadbourne & Parke on behalf of Mr. Toussie. And while billing

2

records from Williams & Connolly LLP, Hamburger, Maxson, Yaffe, Knauer & McNally, LLP, and McDermott Will & Emery LLP were also attached to Mr. Toussie's application, attorneys from those firms did not sign on to the motion. Further, of the 31.1 hours of Mr. Hamburger's billing records submitted by Chadbourne & Parke in support of Mr. Toussie's motion, 20.5 of them were <u>not</u> spent in connection with Mr. Hamburger's representation of Mr. Toussie.[1] Rather, these hours relate to Mr. Hamburger's testifying on behalf of Mr. Toussie at a deposition and at trial. Such fees are more appropriately characterized costs--an issue that was resolved by the parties without judicial intervention (Docket Entries 335-336)--and, thus, should not have been included by Chadbourne & Parke in Mr. Toussie's application. The remaining time entries, although many are too vague for an award of attorney's fees under 42 U.S.C. § 1988, are not grossly or outrageously excessive.

                                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:    September 28, 2012
           Central Islip, New York

---

[1] Mr. Hamburger withdrew as counsel for Mr. Toussie on April 20, 2005 (Docket Entry 98), and these billing records are dated 2006-2011.